UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| CONCEPTS NREC, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 5:20-cv-133 |
| | ) | |
| XUWEN QIU and TURBOTIDES, INC., | ) | |
| and HONG YING ZHANG, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER RESCINDING ALL SEALING DESIGNATIONS**

The unchecked use of sealing in this case has made the court's file impossible to use. Sealed documents are also redacted. When the court has denied a sealing request—as with the deposition of Mr. Qiu—nothing happens. The court searched in vain for a full copy of the transcript. Now the parties are arguing over which documents they may show their clients. Since the entire case turns on the alleged appropriation of trade secrets from plaintiff—and because the court intends to conduct its business in public view—it is inevitable that many documents that one side or the other designates as confidential will become public either as motion exhibits or at the time of trial.

We are going to start over. The court rescinds all prior sealing orders. Within 10 days, each side shall provide the court with a binder containing paper copies of the documents which counsel seeks to seal. These should be relatively few in number and chosen carefully. The court will review them *in camera* and order documents sealed that contain genuine competitive secrets or personal documents like tax returns. If experience holds, most documents for which parties seek sealing are of no interest to anyone except the judge and the attorneys in this case. As matters stand, those are the individuals who currently cannot gain access.

2

This order will go into effect after the court receives the binders and issues a ruling.  Prior sealing orders remain in place until that time so as not to disclose any genuine competitive secrets.

Future requests for sealing will require the same procedure: the submission of a paper copy of the entire document for *in camera* review.  If the volume of documents exceeds the court's capacity to keep up, the court will discuss the appointment of an attorney as discovery master at shared expense of the parties.

SO ORDERED.

Dated at Burlington, in the District of Vermont, this 27th day of January, 2022.

/s/ Geoffrey W. Crawford
Chief Judge
United States District Court