UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Concepts NREC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Xuwen Qiu; TurboTides, Inc.; and Hong Ying Zhang, <br><br> Defendants. | Civil Action No. 5:20–cv–133 |

### SETTLEMENT CONFERENCE ORDER

This matter is referred to the undersigned for a settlement conference. (*See* Doc. 229.) The Court having conferred with counsel about a mutually convenient date, time, and location, IT IS HEREBY ORDERED that all parties, including non-party Hefei Taize Turbine Technology Company, Ltd.,[1] and their lead counsel shall appear at the United States Courthouse, 4th Floor, Courtroom 410, 11 Elmwood Avenue, Burlington, Vermont, on **Tuesday, May 28, 2024 at 11:00 a.m.** Counsel and parties[2] need not report to chambers. To the extent it is relevant, an insured party or an uninsured corporate party shall appear by representative with full and final authority to discuss and enter into a binding settlement (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state). A party's personal appearance is intended to increase the efficiency and effectiveness of the

---

[1] Non-party Hefei Taize previously expressed concern that Concepts might use Hefei Taize's participation in this settlement conference as evidence that Hefei Taize has waived its argument that the Court may not exercise personal jurisdiction over it. After conferring with Concepts' counsel, Hefei Taize's counsel advised the Court that Concepts will not be advancing a waiver of personal jurisdiction argument based on Hefei's participation in settlement discussions. Therefore, Hefei Taize has agreed to participate in this settlement conference.

[2] All references to "party" or "parties" in this Order include non-party Hefei Taize.

settlement conference by reducing the time for communication of offers and expanding the ability to explore options for settlement. A party's request to be excused must be made in writing no later than five calendar days before the conference.

Xuwen Qiu and Hong Ying Zhang may appear virtually. Counsel for Defendants Qiu and Zhang is responsible for providing the necessary means to allow for his clients' remote participation. Any recording or broadcasting of this hearing by the parties is prohibited.

Settlement conferences are often unproductive unless the parties have exchanged demands and offers before the conference and made a serious effort to settle the case on their own. Accordingly, **at least 21 calendar days prior to the date of the settlement conference**, Plaintiff's counsel shall serve on defense counsel and Hefei Taize a letter that sets forth the following information: (1) a brief summary of the evidence and legal principles that, in Plaintiff's view, establishes liability; (2) a brief explanation of why damages or other relief appropriately would be granted at trial; (3) an itemization of any claimed damages, including special damages—i.e., damages for pecuniary losses, such as past medical expenses, lost wages, and property damages—that states the exact dollar amount Plaintiff is claiming for each category; and (4) a settlement demand.

**At least 14 days before the settlement conference**, defense counsel shall serve on Plaintiff's counsel a letter that sets forth at least the following information: (1) any points in Plaintiff's letter with which the defense agrees; (2) any points in Plaintiff's letter with which the defense disagrees, with references to supporting evidence and legal principles; and (3) a settlement offer.[3] If a release is contemplated, defense counsel shall include a proposed form of release with its counteroffer.

---

[3] The settlement offer must be definite, meaning that it must state a single amount with no variables. For example, a settlement offer that lists a set amount of money "and attorney's fees" is unacceptable.

Each of these letters typically should be five or fewer pages, and counsel must ensure that each participant reads the opposing party's letter before the settlement conference.  If settlement authority for any party is provided by a committee, that party must ensure that the committee reviews any opposing party's letter before finalizing settlement authority.  Those attending the settlement conference and reviewing the letters exchanged must treat as confidential the information discussed, positions taken, and offers made by other parties in preparation for and during the conference.[4]

**At least 7 calendar days before the conference**, Plaintiff's counsel shall provide me copies of the letters exchanged between the parties.  In addition, each party must provide me, in confidence, a concise letter (typically no more than seven pages) containing a brief summary of the facts; analysis of the applicable law, including evidentiary issues; strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; status of settlement negotiations to date; and the names of individuals who will be attending the conference and in what capacity.  This confidential letter must not be a mere statement of the letter served on opposing counsel.  All matters communicated to me in the confidential letter will be kept confidential, and will not be disclosed to any other party, or to the trial judge.  **The parties shall submit these letters and other materials to chambers in hard copy within 7calendar days of the conference**.

At the settlement conference, counsel should be prepared to discuss the factual and legal highlights of their cases.  Separate, confidential caucuses will be held with each party and the party's representative.  Attached is an outline for counsel to review with their clients before the settlement conference to make the best use of the time allotted.

---

[4] This does not prohibit disclosures stipulated to by the parties, necessary in proceedings to determine the existence of a binding settlement agreement, or as otherwise required by law.

In the days immediately preceding the settlement conference, if either party believes that negotiation attempts would not be fruitful at the time set for the conference for any reason (for example, insufficient discovery or a need to wait on the resolution of a dispositive motion), the parties should contact my chambers to schedule a status conference to discuss the concern. The Court may contact a party *ex parte* prior to the settlement conference after receiving the parties' settlement letters. If any party objects to these *ex parte* communications, the party should clearly state its objection in the settlement letter to the Court. Otherwise, the Court will presume that the parties consent to this procedure.[5]

**IN SUMMARY:**

| | |
|---|---|
| **Plaintiff's letter due to Defendant:** | 21 days prior to settlement conference |
| **Defendant's letter due to Plaintiff:** | 14 days prior to settlement conference |
| **All letters due to Court:** | 7 days prior to settlement conference |

**IT IS SO ORDERED.**

Dated at Burlington, in the District of Vermont, this 23rd day of April 2024.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

---

[5] At the initial settlement conference in this case, Plaintiff, Defendants, and Hefei Taize consented to the Court communicating with the parties and non-party Hefei Taize on an *ex parte* basis to facilitate the settlement process.