UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| Concepts NREC, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>Xuwen Qiu; TurboTides, Inc.; and<br>Hong Ying Zhang,<br><br>    Defendants. | Civil Action No. 5:20–cv–133–gwc |

## **ORDER**

Fed. R. Civ. P. 56(f)(2) "expressly allows the court to grant a motion for summary judgment on grounds that were not raised in the motion, but only after giving the opposing party notice and the opportunity to oppose." *Nick's Garage, Inc. v. Nationwide Mut. Ins. Co.*, 715 F. App'x 31, 34 (2d Cir. 2017). After reviewing the summary judgment briefs, the Court now gives the parties notice and an opportunity to respond to the following issues:

1. Whether the allegedly pirated "Concepts Software" or the "Non-Shared Qiu Software, as these terms are defined in Plaintiff's Second Amended Complaint, may be the subject of a conversion claim. In particular, whether the "Concepts Software" or the "Non-Shared Qiu Software" qualify as "intangibles merged in documents such as bonds, stock certificates, bills of exchange, money, and negotiable instruments." *See Montgomery v. Devoid*, 2006 VT 127, ¶ 12 n.1, 181 Vt. 154, 915 A.2d 270 (internal citations omitted).

2. Whether Plaintiff's unjust enrichment claim can be maintained where a valid, enforceable contract between the parties exists. *See Beldock v. VWSD, LLC*, 2023 VT 35, ¶¶ 77–79, 218 Vt. 144, 307 A.3d 209.

3. Whether, with respect to Plaintiff's unfair and deceptive trade practices claim, the complained-of actions took place "in commerce" under Vermont's Consumer Protection Act, 9 V.S.A. § 2453. *See MyWebGrocer, Inc. v. Adlife Mktg. & Commc'ns Co.*, 383 F. Supp. 3d 307, 314 (D. Vt. 2019) (Crawford, J.); *Foti Fuels, Inc. v. Kurrle Corp.*, 2013 VT 111, ¶¶ 19–26, 195 Vt. 524, 90 A.3d 885 (2013).

4. Whether Plaintiff can maintain claims for fraudulent concealment or constructive fraud with respect to the "Employment Agreement," as this term is defined in Plaintiff's Second Amended Complaint, when the alleged misrepresented or concealed facts—that Dr. Qiu began setting up the TurboTides business in the United States and China for the purpose of competing with Plaintiff—occurred after the execution of the "Employment Agreement." *See Pearson v. Simmonds Precision Prods., Inc.*, 160 Vt. 168, 172, 624 A.2d 1134, 1136 (1993); *Silva v. Stevens*, 156 Vt. 94, 102, 589 A.2d 852, 857 (1991) ("An action for fraud and deceit will lie upon an intentional misrepresentation of *existing fact*. . . .") (emphasis added) (internal citations omitted); *Winey v. William E. Dailey, Inc.*, 161 Vt. 129, 133, 636 A.2d 744, 747 ("With respect to promises to perform, we have held that misrepresentations about future actions can be fraudulent if defendant, at the time of the statement, intends to act differently from the promise.").

5. Whether and to what extent Plaintiff's claim for breach of common law duty of loyalty is pre-empted by the Vermont Trade Secrets Act, 9 V.S.A. §§ 4601–09. *See Dicks v. Jensen*, 172 Vt. 43, 46, 768 A.2d 1279, 1282 (2001).

6. Whether Plaintiff has made the requisite prima facie showing, including "an averment of facts that, if credited by the trier, would suffice to establish jurisdiction" over Ms. Zhang. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013) (per curiam) (citations omitted).

The parties shall address these issues in submissions not to exceed fifteen double-spaced pages. Submissions are due by February 5, 2025.

In support of its respective arguments, each party must provide specific citations, including pincites, to admissible evidence that is properly part of the summary judgment record. *See* Fed. R. Civ. P. 56(c).

Dated at Burlington, in the District of Vermont, this 24th day of January 2025.

*/s/ Kevin J. Doyle*
Kevin J. Doyle
United States Magistrate Judge

3